(23 Misc. Rep. 663.)

### RAILWAY ADVERTISING CO. v. BOSTON DENTAL ASS'N.

(Supreme Court, Appellate Term. June 6, 1898.)

APPEAL—REVIEW—CONFLICTING EVIDENCE.

In an action to recover $90 for services rendered under a contract by which the plaintiff undertook to place advertising cards of the defendant, during three months, in "all Lenox Avenue electric cars," for $30 a month, the defense was that some of the cars running on that avenue did not contain the cards, but the plaintiff claimed that such cars were only making trial trips. The contract provided that "the omission of any reasonable number of cards from the cars shall not constitute a violation of this contract, but the advertiser shall be entitled to a pro rata rebate for such as may have been omitted." The evidence was conflicting, and the trial justice found in favor of the plaintiff for $70. *Held*, that there was sufficient evidence to support this finding.

Appeal from First district court.

Action by the Railway Advertising Company against the Boston Dental Association. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

J. P. Davenport, for appellant.

Green & Johnson, for respondent.

GILDERSLEEVE, J. Plaintiff and defendant entered into a contract on or about August 25, 1897, by which advertising cards of defendant were to be placed, for the term of three months beginning October 1, 1897, in all Lenox Avenue electric cars. By the terms of the agreement defendant was to pay to plaintiff $30 a month. No payments were made, and plaintiff brought this action for $90. Defendant claims that plaintiff did not fulfill the requirements of the contract, for the reason that some of the Lenox avenue cars did not have the cards. Plaintiff admits that some of the cars running on Lenox avenue did not contain the cards, but claims that these cars belonged to the Madison Avenue Line, and were only making trial trips. The testimony is conflicting, and the court gave judgment for plaintiff to the extent of $70. The defendant claims that the contract was an entire one, and that no part of the consideration was recoverable unless the whole of that for which the consideration was to be paid was performed; and that there was no waiver by defendant of a full performance of the contract. It appears, however, that the contract particularly states that "the omission of any reasonable number of cards from the cars shall not constitute a violation of this contract, but the advertiser shall be entitled to a pro rata rebate for such cards as may have been omitted." The defendant also claims that the contract was not substantially performed, and also calls in question the jurisdiction of the court below. We are of opinion that there is sufficient evidence to support the finding of the trial justice, and that none of the points raised by appellant can be sustained. As to the question raised by the motion to set aside the summons, we may call attention to the fact that section 1351 of the charter particularly continues the district courts under the name of municipal

courts, while section 1352 of the charter provides that the justices in office on Jan. 1, 1898, shall continue for the remainder of their terms, and shall be called justices of the municipal court.

The judgment must be affirmed, with costs. All concur.